No. 31,627

F. L. Stanley, as Stanley Motor Company, *Appellee*, v. O. F. Parker, *Appellant*.

(32 P. 2d 197.)

Opinion, filed May 5, 1934.

*Walter L. Bullock*, of Dodge City, for the appellant.

*Charles Boyle*, of Cimarron, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one to recover on a promissory note given for price of an auto truck and to foreclose a chattel mortgage securing the note. Judgment was rendered on the pleadings in favor of plaintiff. Defendant appeals.

The petition was filed on May 6, 1932, and was sufficient in form and substance to warrant judgment according to the prayer. The answer was filed on June 14, 1932, and consisted of an unverified general denial. This was tantamount to an admission that defendant had no defense, and that plaintiff was entitled to judgment. Then defendant asked and was granted leave to amend the answer.

A verified amended answer was filed on November 22, 1932. It reasserted the general denial contained in the original answer, and alleged that on or about May 1, or about five days before the action was commenced, plaintiff, for a valuable consideration, extended time of payment of the note for one year. Of course defendant knew all about this extension when he filed his general denial in June, and plaintiff filed a motion that defendant be required to tell what the consideration was for extending time of payment for one year. The motion was promptly confessed, and leave was given defendant to amend his answer within ten days from January 14, 1933. The leave granted was not to amend generally, but was limited to stating fully and distinctly what the consideration was for the agreement to extend time of payment of the note.

No amended answer was filed on or before January 24. On April 12 defendant filed a second amended answer. This answer made no attempt to comply with the order granting leave to amend, aban-

doned the subject of extension of time, was filed without leave of court or consent of plaintiff, and plaintiff and the court were authorized to treat it as a nullity. However, plaintiff replied to it.

The second amended answer was not verified. It repleaded the general denial of the original answer, and pleaded some facts on which the conclusion was predicated that plaintiff waived his chattel mortgage and waived lien on the truck. It was alleged the waiver transaction occurred on or about May 1, 1932, or about five days before the suit was commenced. Of course defendant knew about this transaction when he filed his original general denial. He knew about the transaction when he filed his sham answer alleging extension of time of payment. He knew about it when he obtained leave of court to amend that answer in a specific way, and, of course, he was doing what is expressed by the colloquial term "stalling."

The second amended answer pleaded plaintiff took possession of the truck, and agreed that, if defendant would repair it at an expense of about $40, which he did, plaintiff would sell the truck at private sale for about $500. These facts did not even squint at waiver of lien on the truck, and the district court rendered judgment on the pleadings.

Defendant continues the farce by appealing to this court. The so-called brief and argument states the second amended answer repleaded all the allegations of the first amended answer, which is not true. The following is the paragraph of the second amended answer relating to the subjects:

"Comes now the defendant for his second amended answer to the petition filed herein and repleads all of the original answer filed herein, the same as though here rewritten, and denies each, every and all the allegations in the petition contained."

Besides that, a repleading of the first amended answer, which defendant had confessed was insufficient and had been required to amend, would have amounted to nothing.

The so-called brief and abstract merely recites the proceedings. It cites no authorities, contains no argument whatever, and nobody appeared in this court to argue the case orally for the defendant.

The trifling appeal is dismissed.